IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**NED COMER, et al.**                                                                             **PLAINTIFFS**

**V.**                                                                                **NO.: 1:11cv220-LG-RHW**

**MURPHY OIL, USA, INC., et al.**                                                          **DEFENDANTS**

**MEMORANDUM IN SUPPORT OF ENTERGY CORPORATION'S MOTION TO
DISMISS FOR LACK OF PERSONAL JURISDICTION OR,
IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT**

I. INTRODUCTION

Defendant Entergy Corporation (Delaware) (hereinafter "Entergy Corp.") respectfully moves under Federal Rule of Civil Procedure 12(b)(2) to be dismissed from this action for lack of personal jurisdiction since it is only a holding company with no direct contacts with Mississippi. In the alternative, Entergy Corp. moves under Federal Rule of Civil Procedure 56 for a grant of summary judgment in its favor and for an order dismissing with prejudice all of Plaintiffs' claims against it since Entergy Corp. is only a holding company. In suing Entergy Corp., Plaintiffs have sued an out-of-state holding company whose only business, both before and after Hurricane Katrina in August 2005, has been and is to hold the common stock and securities of various Entergy entities. As such, Entergy Corp. does not, and has never, explored, developed, mined, produced, or burned coal/carbon-based fuel. Furthermore, Entergy Corp. does not own any facilities that emit greenhouse gases into the environment, has no direct contacts of any kind with Mississippi, has never had employees anywhere, including Mississippi, and has never engaged in any activities that are the subject of this lawsuit. Thus, Entergy Corp. could not have caused Plaintiffs' alleged injuries to property in Mississippi. For these reasons, and as set

forth in detail below, Entergy Corp. should be dismissed from this action with prejudice.

## II. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

On May 27, 2011, Plaintiffs filed a putative class action complaint against multiple defendants, including Entergy Corp., alleging, *inter alia*, that defendants "engaged in the exploration, development, mining, production and/or combustion of coal, petroleum, natural gasm (sic) and other carbon-based fossil fuels" and that such activities "caused damage to Plaintiffs' property in Mississippi . . . ." Amended Complaint at ¶ 7. Plaintiffs allege that Hurricane Katrina's "unprecedented strength and destruction" was "fueled and intensified by the warm waters and warm environmental conditions present in the Atlantic Ocean, Caribbean Sea, and the Gulf of Mexico" and that such "high sea surface temperatures . . . were a direct and proximate result of the defendants' greenhouse gas emissions." *Id.* at ¶ 17. Plaintiffs further allege that "Defendants' greenhouse gas emissions have contributed to sea level rise," which has resulted in damage to and interference with Plaintiffs' property. *Id.* at ¶ 19. The putative class action asserts claims for compensatory and punitive damages and equitable relief based on Mississippi common law actions of public and private nuisance, trespass, and negligence and the federal common law of nuisance.

Entergy Corp. is a Delaware corporation authorized to do business in Louisiana and Delaware only. Affidavit of Lyn Rouchell (Attached as Exhibit A) at ¶ 2. As a holding company, Entergy Corporation's only business, both before and after Hurricane Katrina in August 2005, has been and is to hold the common stock and other securities of its subsidiaries. *Id.* Entergy Corp. has never directly engaged in any activity in any state that involved the burning of coal or emission of substances Plaintiffs refer to in their Amended Complaint as "greenhouse gases." *Id.*

2

at ¶ 3.

Plaintiffs have not and cannot show that Entergy Corp. has *any* contacts with Mississippi. Entergy Corp.'s headquarters and primary office are in New Orleans, Louisiana. Entergy Corp. has never been, and is not now, registered to do business in Mississippi; has never directly owned assets or property in Mississippi; has never maintained offices in Mississippi; and has never had employees anywhere, including in Mississippi. *Id.* Plaintiffs have made no specific allegations – jurisdictional or otherwise – against Entergy Corp.

Entergy Corp. also has never engaged in any activities that Plaintiffs allege caused damage in Mississippi. Plaintiffs' lawsuit seeks to hold Defendants liable for property damage caused in the State of Mississippi by Hurricane Katrina. All of Plaintiffs' claims are premised on the theory that greenhouse gas emissions from the exploration, mining, development, production, and burning of fossil fuels caused "global warming" and thus an "increase in the destructive capacity" of Hurricane Katrina in Mississippi. Amended Complaint at ¶¶ 15, 17. This theory of liability does not and could not apply to Entergy Corp. Entergy Corp. does not explore, mine, develop, produce, or burn fossil fuels in its business; and has never engaged in any activities that cause greenhouse gas emissions. Aff. of L. Rouchell (Ex. A) at ¶ 3. Because holding stock is in no way related to the activities of which Plaintiffs complain, and without question, does not contribute to global warming, if such can be said to exist, Entergy Corp. did not and cannot have committed the torts Plaintiffs allege.

3

### III. PERTINENT LEGAL STANDARDS AND ANALYSIS

#### A. Plaintiffs Cannot Carry Their Burden of Showing that Defendant Entergy Corp. Is Subject to the Jurisdiction of This Court.

Plaintiffs bear the burden of establishing the district court's jurisdiction over Entergy Corp., a nonresident defendant. *Clemens v. McNamee*, 615 F.3d 374, 378 (5th Cir. 2010); *Mink v.. AAAA Development LLC*, 190 F.3d 333, 335 (5th Cir. 1999). If the Complaint fails to plead facts sufficient to establish a *prima facie* case that this Court has personal jurisdiction over a particular defendant, that defendant must be dismissed from the case. *Clemens*, 615 F.3d at 378. In deciding a motion to dismiss for lack of personal jurisdiction, courts must accept as true a plaintiff's *uncontroverted* allegations of factual matters, *see id.*, but courts are not to accept mere assertions or legal conclusions, *Panda Brandywine Corp. v. Potomac Elec. Power Co.*, 253 F.3d 865, 868-69 (5th Cir. 2001), or factual allegations controverted by a proper affidavit, *LTA, Inc. v. Breeck*, No. 1:11-cv-213, 2011 WL 3841374 at *2 (S.D. Miss. Aug. 26, 2011) (citing *Thompson v. Chrysler Motors Corp.*, 755 F.2d 1162, 1165 (5th Cir. 1985)). First and foremost, Plaintiffs herein have failed to allege jurisdictional facts sufficient to establish that Entergy Corp. is subject to this Court's jurisdiction. On this basis alone, Entergy Corp. is entitled to a dismissal of all of Plaintiffs' claims against it.

Should this Court look beyond the Amended Complaint, which is void of *any* jurisdictional allegations against Entergy Corp., it may "determine the jurisdictional issue by receiving affidavits, interrogatories, depositions, oral testimony, or any combination of the recognized methods of discovery." *Jobe v. ATR Marketing, Inc.*, 87 F.3d 751, 753 (5th Cir. 1996). When a defendant submits an affidavit that establishes the lack of jurisdiction, the court

must dismiss the defendant "as the presumption implicit in the well-pleaded allegations rule has spent its force and vanished." *Thrash Aviation, Inc. v. Kelner Turbine, Inc.*, 72 F.Supp.2d 709, 714 (S.D. Miss. 1999) (quoting *R. C. Constr. Co., Inc. v. National Office Sys., Inc.*, 622 So. 2d 1253, 1255 (Miss. 1993)). As demonstrated by the indisputable facts set forth in the Affidavit of Lyn Rouchell, attached to Entergy Corp.'s motion as Exhibit A, Plaintiffs herein not only have not met, but *cannot* meet, the burden of establishing this Court's jurisdiction over Entergy Corp. Therefore, Entergy Corp. is entitled to a dismissal with prejudice of all claims Plaintiffs assert against it.

1. **This Court Lacks Personal Jurisdiction Over Entergy Corp.**

A federal court sitting in diversity may exercise personal jurisdiction only to the extent allowed a state court under applicable state law. *Allred v. Moore & Peterson*, 117 F.3d 278, 281 (5th Cir. 1997). Therefore, a federal district court in Mississippi may not exercise personal jurisdiction over a nonresident defendant unless: (1) personal jurisdiction exists under Mississippi's long-arm-statute; and (2) the exercise of personal jurisdiction is consistent with the limitations of the Due Process Clause of the Fourteenth Amendment. *Tichenor v. Roman Catholic Church of Archdiocese of New Orleans*, 32 F.3d 953, 958 (5th Cir. 1994). Plaintiffs must establish jurisdiction both under the Mississippi long-arm statute and under the Due Process Clause. If the Mississippi long arm statute is not satisfied, then this Court need not reach the Due Process Clause issue. *J.T. Shannon Lumber Co., Inc. v. Gilco Lumber, Inc.*, 2010 WL 147801 at * 1 (N.D. Miss. 2010) (citing *Cycles, Ltd v. W. J. Digby, Inc.*, 889 F.2d 612, 616 (5th Cir. 1989)). Plaintiffs herein cannot satisfy either requirement.

2. **Mississippi's Long-Arm Statute Does Not Authorize Personal Jurisdiction Over Entergy Corp.**

Mississippi's long-arm statute is codified at Miss. Code. Ann. § 13-3-57, which provides in pertinent part as follows:

> Any nonresident person, firm, general or limited partnership, or any foreign or other corporation not qualified under the Constitution and laws of this state as doing business herein, who shall make a contract with a resident of this state to be performed in whole or in part by any party in this state, or who shall commit a tort in whole or in part in this state, or who shall do any business or perform any character of work or service in this state, shall by such act or acts be deemed to be doing business in Mississippi and shall thereby be subjected to the jurisdiction of the courts of this state.

In order for personal jurisdiction to exist under Mississippi's long-arm statute, the court must find that: (1) Entergy Corp. entered into a contract with Plaintiffs to be performed in whole or in part in Mississippi; (2) Entergy Corp. committed a tort, in whole or in part, against Plaintiffs in Mississippi; or (3) Entergy Corp. was doing business in Mississippi. *Roxco, Ltd. v. Harris Specialty Chemicals, Inc.*, 133 F.Supp.2d 911, 915 (S.D. Miss. 2000); *Sorrells v. R & R Custom Coach Works, Inc.*, 636 So. 2d 668, 671 (Miss. 1994).

a. **This Court Does Not Have Jurisdiction Over the Person of Entergy Corp. Based on Any Contract**

This action does not arise from a contract. Further, Entergy Corp. has not entered into a contract with any of the Plaintiffs as to any matter on which they base this lawsuit, nor do Plaintiffs premise jurisdiction on the "contracts" prong of the long-arm statute. Therefore, the "contracts" prong of Mississippi's long-arm statute provides no basis for this Court's exercise of jurisdiction over Entergy Corp.

### b. Entergy Corp. Has Never Done Business in Mississippi

In an apparent attempt to establish jurisdiction under the "doing business" prong of the statute, Plaintiffs contend that any companies that engaged in "the exploration, development, mining, production and/or combustion of coal, petroleum, natural gasm (sic) and other carbon based fuels" are "deemed to be doing business in Mississippi" because these activities allegedly caused damage to in-state property. Amended Complaint at ¶7. These vague allegations in no way assert that Entergy Corp. was "doing business" in Mississippi. The mere fact that Plaintiffs alleged injuries in Mississippi is not sufficient to satisfy Plaintiffs' duty to plead sufficient jurisdictional facts. *See Panda Brandywine Corp.*, 253 F.3d at 868-69.

Beyond this, Plaintiffs' jurisdictional assertions are inapplicable with respect to Entergy Corp. because Entergy Corp. has not engaged in any of the activities that Plaintiffs cite as a basis for jurisdiction. In *Roxco*, 133 F.Supp.2d at 915, the district court held that the nonresident defendant, which manufactured materials used in out-of-state construction projects, was not "doing business" under Mississippi's long-arm statute because the defendant did not sell products directly to Mississippi customers, did not employ Mississippi residents, did not own or lease real or personal property in Mississippi, did not maintain a bank account in Mississippi, and did not maintain telephone listings in Mississippi. *Id.* Here, Entergy Corp., the nonresident defendant, does not even engage in the activities which constitute plaintiffs' sole factual allegation against defendants generally, *viz.*, that they explored, mined, developed, produced, or burned fossil fuels and therefore causes greenhouse gas emissions.

In this regard, the activities of any subsidiaries of Entergy Corp. that may do business in Mississippi do not provide a basis for exercising personal jurisdiction over Entergy Corp. *See*

7

*e.g. Hargrave v. Fibreboard Corp.*, 710 F.2d 1154, 1159 (5th Cir. 1983) (observing that "[g]enerally, a foreign parent corporation is not subject to the jurisdiction of a forum state merely because its subsidiary is present or doing there; the mere existence of a parent-subsidiary relationship is not sufficient to warrant the assertion of jurisdiction over the foreign parent"); *Dean v. Aurora Australis Lodge*, 2009 WL 1174841 at *2 (N.D. Miss.) (nonresident holding company for multiple corporate entities deemed not to be doing business in Mississippi); *Samples v. Vanguard Healthcare, LLC*, 2008 WL 4371371 at *2 (N.D. Miss.) (relationship of parent-subsidiary insufficient to establish personal jurisdiction over foreign parent even if subsidiary is present in the state). The "doing business" prong of Mississippi's long-arm statute does not support this Court's exercise of jurisdiction over Entergy Corp.

### c. This Court Does Not Have Jurisdiction Over the Person of Entergy Corp. Based on Any Tort

For the same reasons, Plaintiffs cannot establish personal jurisdiction over Entergy Corp. under the "tort prong" of the long-arm statute. Merely alleging that Plaintiffs were injured is not sufficient jurisdictional pleading. *Panda Brandywine Corp.*, 253 F.3d at 868-69. Further, the torts Plaintiffs allege caused their injuries relate exclusively to the "exploration, development, mining, production and/or combustion" of carbon-based fossil fuel," but the undisputed facts show that Entergy Corp. has not engaged in any of these activities. Entergy Corp. does not own or operate any electric power generating facilities in Mississippi or elsewhere, *see* Aff. of L. Rouchell at ¶ 3 (Ex. A), and has never engaged in any activity in any state that involved the exploration, development, mining, production and/or combustion of coal and other carbon-based fuels or the emission of what Plaintiffs refer to as "greenhouse gases." *See id.* In fact, the only

business of Entergy Corp. is to hold the common stock and other securities of its various Entergy entities. *See id.* at ¶ 2. Thus, as Entergy Corp. does not have the ability to itself engage in the activities that Plaintiffs allege caused their injuries, it could not have caused the injuries for which Plaintiffs seek to recover. Plaintiffs therefore cannot show that Entergy Corp. is subject to personal jurisdiction under the "tort" prong. *See Allred*, 117 F.3d 278, 282-85 (5th Cir. 1997) (holding that Mississippi's long-arm statute does not confer personal jurisdiction simply because the plaintiff has suffered damages in Mississippi; the plaintiff must still show that the defendant committed some element of the alleged tort, i.e. duty, breach, causation, in Mississippi). *See also Applewhite v. Metro Aviation, Inc.*, 875 F.2d 491, 494 (5th Cir. 1989) (holding that if the plaintiff cannot establish that the cause of action arises from or is in any way connected with any conceivable business done by the defendant, jurisdiction under Mississippi's long-arm statute does not lie).

As Mississippi's long-arm statute does not confer upon this Court jurisdiction over Entergy Corp., the Court need not consider whether Plaintiffs can satisfy the constitutional requirements of personal jurisdiction. *J.T. Shannon Lumber Co., Inc.*, 2010 WL 147801 at * 1. Because Plaintiffs cannot carry their burden of establishing the jurisdictional requirements of Mississippi's long-arm statute *vis-a-vis* Entergy Corp., Plaintiffs' complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(2).

### 3. Due Process Does Not Permit This Court to Exercise Personal Jurisdiction Over Entergy Corp.

Assuming *arguendo* this Court chooses to reach the due process question, the Due Process Clause also precludes this Court from exercising jurisdiction over Entergy Corp. Under

9

the Due Process Clause, a court may not exercise personal jurisdiction over a defendant unless the defendant has sufficient minimum contacts with the forum state so that the maintenance of the suit in that forum does not offend traditional notions of fair play and substantial justice. *International Shoe v. Washington*, 326 U.S. 310, 316 (1945). The exercise of personal jurisdiction over a non-resident defendant may be in the form of specific personal jurisdiction or general personal jurisdiction. However, under both the "specific" and "general" jurisdiction analysis, the "constitutional touchstone" for determining whether an exercise of personal jurisdiction comports with due process is whether or not the defendant has "purposefully established minimum contacts in the forum State." *Asahi Metal Ind. Co. v. Super. Ct.*, 480 U.S. 102, 108-09 (1987) (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474 (1985)). As shown above, Entergy Corp. has established absolutely no contacts whatsoever with the State of Mississippi. Therefore, under <u>either</u> standard, this Court is constitutionally barred from exercising personal jurisdiction over it.

        a.      **Plaintiffs Cannot Carry Their Burden of Showing That This Court's Exercise of Specific Personal Jurisdiction Comports With Due Process**

Specific personal jurisdiction requires that: (1) the defendant must have <u>purposely</u> directed its activities toward the forum state or purposely availed itself of the privileges of conducting activities there; (2) the plaintiff's cause of action must arise out of or result from the defendant's forum-related contacts; and (3) the exercise of personal jurisdiction must be fair and reasonable. *Luv n' care, Ltd. v. Insta-Mix, Inc.*, 438 F.3d 465, 469 (5th Cir. 2006) (emphasis added). Plaintiffs have not alleged any facts satisfying these criteria. Further, because Entergy Corp. has had **no** contacts with Mississippi and has never engaged in any of the activities that

Plaintiffs allege caused harm in Mississippi, Plaintiffs cannot satisfy any part of the test for specific jurisdiction. Entergy Corp. has never directed any activities toward Mississippi or had any contacts with Mississippi. Aff. of L. Rouchell ¶¶ 2 - 3 (Ex. A). Therefore, it follows that Plaintiffs' cause of action could not arise from any of Entergy Corp's contacts within the State. Plaintiffs' effort to have this Court exercise specific personal jurisdiction over it must fail.

      **b.**      **Plaintiffs Cannot Carry Their Burden of Showing That This Court's Exercise of General Personal Jurisdiction Comports With Due Process**

A defendant subject to general personal jurisdiction is subject to personal jurisdiction in the forum for any cause of action, even if the cause of action is not related to the defendant's contacts with the forum state. *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414-416 (1984). Therefore, general personal jurisdiction requires that the defendant have substantial, continuous, and systematic contacts with the forum state. *Johnston v. Multidata Systems International Corp.*, 523 F.3d 602, 611 (5th Cir. 2008) (citing the "high standard set by the Supreme Court" for finding general personal jurisdiction). To deem contacts "continuous and systematic," a court looks for a nonresident's general presence in the forum state, past or present substantial business conducted in the state, and property ownership or banking activities in the forum state – in short, a "general business presence" in the state. *Bearry v. Beech Aircraft Corp.*, 818 F.2d 370, 375 (5th Cir. 1987) (acts of foreign manufacturer, in maintaining distribution network in forum, advertising its products in forum, and selling substantial number of products in forum still did not constitute "continuous and systematic contacts" sufficient to support court's exercise of general personal jurisdiction); *Cent. Freight Lines Inc. v. APA Transp. Corp.*, 322 F.3d 376, 381 (5th Cir. 2003) (finding no general jurisdiction even though

defendant routinely arranged for and received interline shipments to and from Texas and regularly sent sales people to Texas to develop business, negotiate contracts, and service national accounts).

Here, Plaintiffs do not allege any facts sufficient to plead general jurisdiction. And, again, there are **no** contacts between Entergy Corp. and Mississippi, let alone contacts that could in any way be characterized as substantial, continuous, and systematic. Aff. of L. Rouchell ¶¶ 2 - 3 (Ex. A). Entergy Corp. does not have and has never had a "general business presence" in the state of Mississippi. Accordingly, Plaintiffs cannot satisfy the standard for general jurisdiction.

    **c.**    **This Court's Exercise of Jurisdiction Over Entergy Corp. Would Violate the Constitutional Requirement of Fair Play and Substantial Justice**

Finally, even assuming *arguendo* that Plaintiffs could carry their burden of showing that this Court's exercise of either specific or general personal jurisdiction over Entergy Corp. is appropriate, such exercise must also comport with fair play and substantial justice. In *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980), the Supreme Court explained that due process "gives a degree of predictability to the legal system that allows potential defendants to structure their primary conduct with some minimum assurance as to where that conduct will and will not render them liable to suit." Plaintiffs do not allege any facts showing that Entergy Corp. has structured its conduct in such a way that it would expect to be haled into court in Mississippi. In fact, Entergy Corp. has no contacts with the state of Mississippi and undertakes no activities that could conceivably contribute to "global warming." Aff. of L. Rouchell ¶¶ 2 - 3 (Ex. A). Forcing Entergy Corp. to defend itself in a Mississippi federal court against vague charges of causing worldwide global climate change when it conducts no business activities in Mississippi

would be fundamentally unfair and a violation of due process.

### B. Because Plaintiffs Cannot Show the Existence of a Genuine Issue of Material Fact as to Causation, Entergy Corp. Is Entitled to Summary Judgment in Its Favor.

Fed. R. Civ. P. 56(a) provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Here, the undisputed facts show that Entergy Corp., as a holding company, did not engage in any of the acts alleged in Plaintiffs' Amended Complaint and thus did not cause Plaintiffs' alleged damages. Therefore, Entergy Corp. is entitled to summary judgment, dismissing all of Plaintiffs' claims against Entergy Corp. with prejudice.

A plaintiff must allege and prove every element of every claim he asserts against every defendant. *See Bullard v. Guardian Life Ins. Co. of America*, 941 So.2d 812, 815 (Miss. 2006) (holding that the "basic elements necessary to state any tort claim are duty, breach of duty, causation between the breach of the duty and the injury, and actual damages," and that absent any of these factors, no action lies); *City of Greenville v. Jones*, 925 So. 2d 106, 109 (Miss. 2006) (holding that in every tort action, "the *first* hurdle a plaintiff must successfully overcome . . . is proof of liability – duty, breach of duty, and proximate causation") (emphasis added.).

The claims Plaintiffs assert tortiously caused their injuries relate exclusively to the exploration, development, mining, production and/or combustion of coal and other carbon-based fuels. However as previously stated, Entergy Corp. has never engaged in any such activities, and thus cannot have caused or contributed to Plaintiffs' claimed damages. As outlined above, Entergy Corp. does not own or operate any electric power generating facilities in Mississippi or elsewhere and has never engaged in any activity in any state that involved the exploration,

13

development, mining, production and/or combustion of coal and other carbon-based fuels or the emission of what Plaintiffs refer to as "greenhouse gases." *See* Aff. of L. Rouchell at ¶ 3 (Ex. A).

Moreover, the fact that some subsidiaries of Entergy Corp. may engage in activities alleged in the complaint is not sufficient to state a claim against Entergy Corp. Under Mississippi law, the activities of Entergy Corp.'s subsidiaries are irrelevant to the pertinent issue, *viz.*, whether Entergy Corp. engaged in the activities alleged to have caused Plaintiffs injury in this case. *See e.g. Penn National Gaming, Inc. v. Ratliff*, 954 So.2d 427, 431-32 (Miss. 2007) (allegation that parent company of casino operator owned casino was not sufficient to state viable claim to pierce the corporate veil of parent company to hold parent liable for operator's alleged tortious conduct); *Buchanan v. Ameristar Casino Vicksburg, Inc.*, 957 So.2d 969, 980 (Miss. 2007) (affirming grant of summary judgment in favor of parent corporation on basis that subsidiary was not its alter ego).

Given the irrefutable fact that Entergy Corp. has engaged in no activities alleged in the Complaint, there is no genuine dispute as to the material facts showing that Entergy Corp. did not and could not have committed the torts Plaintiffs allege, or caused the harm the Plaintiffs allege. Thus, Entergy Corp. is entitled to judgment as a matter of law.

### IV. CONCLUSION

Entergy Corp. is a holding company that has no contacts with Mississippi and has not engaged in any of the activities at issue in this lawsuit. Plaintiffs make no specific allegations, jurisdictional or otherwise, against Entergy Corp. and appear to have made no attempt to investigate whether they had a basis for suing Entergy Corp. before filing this lawsuit. For all the reasons stated above, Entergy Corp. respectfully requests that the Court enter an Order dismissing with prejudice all of Plaintiffs' claims against it.

This the 14th day of October, 2011.

                                                        Respectfully submitted,

                                                        ENTERGY CORPORATION

                                      BY:   /s/ Charles E. Ross
                                                       CHARLES E. ROSS (MSB #5683)
                                                       MICHAEL B. WALLACE (MSB #6904)
                                                       JAMES E. GRAVES, III (MSB #102252)
                                                       ATTORNEYS FOR DEFENDANT
                                                       ENTERGY CORPORATION

OF COUNSEL:

WISE CARTER CHILD & CARAWAY
CHARLES E. ROSS, ESQ. (MSB #5683)
MICHAEL B. WALLACE, ESQ. (MSB #6904)
JAMES E. GRAVES, III, ESQ. (MSB #102252)

600 Heritage Building
Post Office Box 651
Jackson, Mississippi 39205
(601) 968-5500

ENTERGY CORPORATION
JAMES W. SNIDER, JR. (MSB #7671)
308 E. Pearl Street
Post Office Box 1640
Jackson, Mississippi 39215-1640
(601) 969-2658

15

## CERTIFICATE OF SERVICE

I, Charles E. Ross, one of the attorneys for Defendant Entergy Corporation, hereby certify that I have this day forwarded a true and correct copy of the foregoing document to all counsel or record via United States District Court, Southern District of Mississippi, Electronic Case Filing System.

This, the 14th day of October, 2011.

/s/ Charles E. Ross