IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**NED COMER, et al.**                                                                                 **PLAINTIFFS**

**v.**                                                                              **Civil No.: 1:11-CV-220-LG-RHW**

**MURPHY OIL USA, INC., et al.**                                                       **DEFENDANTS**

MEMORANDUM IN SUPPORT OF
DUKE ENERGY CORPORATION'S AND CINERGY CORP.'S
MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

This memorandum is submitted, pursuant to Rule 7(b) of the Rules of this Court, in support of the motion of defendants Duke Energy Corporation ("Duke") and Cinergy Corp. ("Cinergy) to dismiss the claims against them for lack of personal jurisdiction. Duke and Cinergy are out-of-state holding companies whose only business is holding stock in various subsidiaries; these defendants have no contacts of any kind with Mississippi, and they do not engage in any activities that are the subject of this lawsuit. *See* Declaration of Richard G. Beach in Support of Duke Energy Corporation's and Cinergy Corp.'s Motion To Dismiss (Exhibit A) ("Beach Decl."). For these reasons, this Court lacks personal jurisdiction over Duke and Cinergy, and should dismiss the claims against them.

**BACKGROUND**

The complaint in this case, brought by a group of Mississippi residents and property owners (on behalf of a similarly situated putative class), seeks compensatory and punitive damages from scores of out-of-state companies, including Duke and Cinergy, for harms caused by Hurricane Katrina. D.E. ¶¶ 1-4, 12-18. It alleges that Katrina was "fueled and intensified" by higher temperatures attributable to climate change, that the named defendants had contributed to

climate change through their greenhouse gas emissions, and that those entities should be held responsible for Katrina's effects. *Id.*

The complaint presents no allegations specific to any of the named defendants, or identifies which of them (if any) conducted business in or maintained relevant contacts with Mississippi. Instead, it asserts generally that "*[t]he defendants* engaged in the exploration, development, mining, production and/or combustion of coal, petroleum, natural gas[,] and other carbon-based fossil fuels," and through those activities "tortiously caused damage to Plaintiffs' property in Mississippi." *Id.* ¶ 7 (emphasis added). For that reason, according to plaintiffs, "*the[ ] defendants* are deemed to be doing business in Mississippi and are subject to the jurisdiction of this Court pursuant to Miss. Code Ann. § 13-3-57." *Id.* (emphasis added). The complaint further alleges—again, without identifying any defendant individually—that "*many of the Defendants* are registered to do business in Mississippi, and this Court also has jurisdiction over *those defendants* pursuant to the Mississippi Business Corporation Act, Miss. Code Ann. § 79-4-15, *et seq.*" *Id.* (emphasis added). At no point does the complaint describe the particular activities of Duke or Cinergy, or otherwise explain why those companies might be subject to this Court's jurisdiction.

## ARGUMENT

To support the exercise of personal jurisdiction over a defendant, a plaintiff must present a "*prima facie* case"—consisting of "uncontroverted" allegations of the complaint and statements "contained in the parties' affidavits and other documentation"—showing that the defendant's contacts with the forum satisfy both constitutional and statutory prerequisites. *Kelly v. Syria Shell Petro. Dev. B.V.*, 213 F.3d 841, 854 (5th Cir. 2000); *see also, e.g.*, *Paz v. Brush*

*Engineered Mats., Inc.*, 445 F.3d 809, 812 (5th Cir. 2006).[1] To satisfy constitutional standards, the plaintiff must show that the defendant's purposeful contacts with the forum are either so "continuous and systematic" as to support the exercise of "general jurisdiction" over the defendant, *Alpine View Co. Ltd. v. Atlas Copco AB*, 205 F.3d 208, 215 (5th Cir. 2000) (quoting *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 (1984)), or so related to the specific claims at issue as to warrant the exercise of "specific jurisdiction" in that particular case, *id.* (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985)). In addition, to satisfy statutory requirements, the plaintiff must show that the defendant would be subject to jurisdiction under the long-arm statute of the state in which the district court sits. *Id.*; *see also Thompson*, 755 F.2d at 1165-66; Fed. R. Civ. P. 4(k). The relevant long-arm statute in this case, § 13-3-57 of the Mississippi Code, extends jurisdiction over any non-resident that "commit[s] a tort in whole or in part in this state" or "do[es] any business or perform[s] any character of work or service in this state." Miss. Code. Ann. § 13-3-57.[2]

---

[1] On a motion to dismiss for lack of personal jurisdiction, a plaintiff may not simply rely on the allegations of the complaint but must, to the extent those allegations are challenged by declarations or other materials, present evidence to back them. *E.g.*, *Paz*, 445 F.3d at 812; *Thompson v. Chrysler Motors Corp.*, 755 F.2d 1162, 1165-66 (5th Cir. 1985); *Brown v. Flowers Indus., Inc.*, 688 F.2d 328, 332 (5th Cir. 1982); *Durham v. Katzman, Wasserman & Bennardini*, 375 F. Supp. 2d 495, 498-99 (S.D. Miss. 2005); *see also Attwell v. LaSalle Nat'l Bank*, 607 F.2d 1157, 1161 (5th Cir. 1979). Controverted allegations, if not supported by evidence of record, must be discounted and cannot establish the requisite "*prima facie* case" in support of personal jurisdiction. *E.g.*, *Paz*, 445 F.3d at 812; *Brown*, 688 F.2d at 332; *see also Thrash Aviation, Inc v. Kelner Turbine, Inc.*, 72 F. Supp. 2d 709, 714 (S.D. Miss. 1999) ("Where a defendant submits an affidavit that establishes the lack of jurisdiction, the court should dismiss the complaint 'as the presumption implicit in the well-pleaded allegations rule has spent its force and vanished.'") (quoting *R.C. Constr. Co., Inc. v. Nat'l Office Sys., Inc.*, 622 So. 2d 1253, 1255 (Miss. 1993)).

[2] The other statute cited in the complaint, the Mississippi Business Corporation Act, sets forth registration requirements for foreign companies doing business within the state. Miss. Code. Ann. §§ 79-4-15 *et seq.* Because neither Duke nor Cinergy is registered under this statute—or required to be, as neither conducts business in Mississippi, *see* Beach Decl. ¶¶ 5-6—these provisions could not support the exercise of jurisdiction over them.

3

These standards are plainly not satisfied with respect to either Duke or Cinergy. Neither of those companies is incorporated in Mississippi or has its principal place of business within the state. Beach Decl. ¶¶ 2-4. Neither has ever been registered or qualified to do business in Mississippi, or has an agent for service of process in the state. *Id.* ¶ 5. Neither has ever conducted any business activities in Mississippi, and neither transacts or solicits business in Mississippi. *Id.* ¶¶ 6-7. And, contrary to the allegations of the complaint, neither Duke nor Cinergy "engages in the exploration, development, mining, production and/or combustion of coal, petroleum, natural gas, and other carbon-based fossil fuels." *Id.* ¶ 10. Nor does either of them have any direct involvement in the day-to-day decision of any company that engages in such activities. *Id.* ¶¶ 8-10. Indeed, the sole business of both Duke and Cinergy is holding stock in various subsidiaries. *Id.* ¶¶ 2, 4.

In short, neither of these defendants has *any* relevant contacts with Mississippi, or does *any* business within the state, that might render it subject to jurisdiction under the Mississippi long-arm statute or the Constitution. *See, e.g., Kelly*, 213 F.3d at 856-57 (dismissing claims when complaint named holding companies that had no contact with the forum state); *Gammill v. Lincoln Life & Annuity Distributors, Inc.*, 200 F. Supp. 2d 632, 635 (S.D. Miss. 2001) (same). The complaint's general allegation that "[t]he defendants" have engaged in activities within Mississippi—whatever its applicability to other of the named defendants—is demonstrably inapplicable and false with respect to Duke and Cinergy, and cannot establish the "*prima facie* case" necessary to support jurisdiction over them. *See, e.g.*, *Thrash Aviation*, 72 F. Supp. 2d at 716 (dismissing claims when evidence presented by the defendant controverted allegations in the complaint and established lack of personal jurisdiction); *cf., e.g.*, *Wenz v. Memery Crystal*, 55 F.3d 1503, 1509 (10th Cir. 1995) (dismissing claims for lack of personal jurisdiction when the

4

complaint alleged only that "defendants transacted business" within the state, without distinguishing among defendants or specifying their individual activities); *In re Banco Santander Secs.-Optimal Litig.*, 732 F. Supp. 2d 1305, 1326 (S.D. Fla. 2010 (dismissing claims for lack of personal jurisdiction when complaint "contain[ed] only threadbare assertions that lack any detail whatsoever" and "[did] not differentiate between the various named "'director defendants'"). This Court should, accordingly, dismiss the claims against Duke and Cinergy with prejudice.

Dated:  October 14, 2011                                   Respectfully submitted,

                                    s/ W. Lee Watt
                                    W. Lee Watt, MS Bar # 6998
                                    Bennett Lotterhos Sulser & Wilson, P.A.
                                    190 East Capitol Street, Suite 650 (39201)
                                    Post Office Box 98
                                    Jackson, MS  39205
                                    Telephone:  (601) 944-0466
                                    Fax:  (601) 944-0467
                                    lwatt@blswlaw.com

                                    Peter D. Keisler (admitted pro hac vice)
                                    David T. Buente (admitted pro hac vice)
                                    Quin M. Sorenson (admitted pro hac vice)
                                    Sidley Austin, LLP
                                    1501 K Street, N.W.
                                    Washington, D.C. 20005
                                    Telephone: (202) 736-8027
                                    Fax: (202) 736-8711
                                    pkeisler@sidley.com
                                    dbuente@sidley.com
                                    qsorenson@sidley.com

                                    ***Counsel for Duke Energy Corporation and Cinergy Corp.***

**CERTIFICATE OF SERVICE**

I, W. Lee Watt, hereby certify that a copy of the Memorandum in Support of Duke Energy Corporation's and Cinergy Corp.'s Motion To Dismiss for Lack of Personal Jurisdiction has been served by electronic filing through the ECF System which provides electronic notice to all counsel of record.

Dated, this the 14th day of October, 2011.

COUNSEL FOR DUKE ENERGY
CORPORATION AND CINERGY CORP.

/s/ W. Lee Watt
W. LEE WATT

Of Counsel:
W. Lee Watt, (MS Bar #6998)
BENNETT LOTTERHOS SUSLER & WILSON, P. A.
The Pinnacle at Jackson Place, Suite 650
Post Office Box 98
Jackson, Mississippi 39205-0098
Telephone: (601) 944-0466
Telefax: (601) 944-0467
lwatt@blswlaw.com