UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | |
|---|---|
| NED COMER, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | Civil Action No. 1:11CV220 LG-RHW |
| v. ) | |
| ) | |
| MURPHY OIL USA, Inc., et al., ) | |
| ) | |
| Defendants. ) | |

**MOTION OF CERTAIN COAL COMPANY DEFENDANTS
FOR RULE 11 SANCTIONS**

Defendants Alpha Natural Resources, Inc.; Massey Energy Company[1]; Peabody Energy Corporation; and Rio Tinto Energy America, Inc. (the "Moving Coal Company Defendants") respectfully request that the Court impose sanctions against plaintiffs pursuant to Fed. R. Civ. P. 11. This Court dismissed with prejudice plaintiffs' nearly identical claims in *Comer I* for lack of Article III standing and because they raise nonjusticiable political questions. That dismissal remains in full force following full and extensive appellate review and bars plaintiffs from bringing this case under the doctrines of *res judicata* and collateral estoppel.

Rule 11 requires parties to conduct a reasonable inquiry to ensure that they file only those claims that (1) are "not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation"; and are (2) "warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law

---

[1] Massey Energy Company is now known as Alpha Appalachia Holdings, Inc.

or for establishing new law." Fed. R. Civ. P. 11(b)(1) and (2).  These obligations are mandatory. *Whitehead v. Food Max of Miss., Inc.*, 332 F.3d 796, 802 (5th Cir. 2003) ("[e]ach obligation [under Rule 11(b)(1) and (b)(2)] must be satisfied").  When parties and their attorneys fail to meet Rule 11's obligations, sanctions should be imposed.  *Id.* (violation of either Rule 11(b)(1) or (b)(2) "justifies sanctions").

For the reasons set forth in the accompanying Memorandum of Authorities and exhibits, a reasonable inquiry into the law shows that this suit is precluded by *res judicata* and collateral estoppel, and that plaintiffs' claims are neither "warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law."  Fed. R. Civ. P. 11(b)(2).  A reasonable inquiry into the law also shows that plaintiffs' reassertion of a fully litigated lawsuit would "needlessly increase the cost of litigation" for defendants forced to defend yet again.  *See* Fed. R. Civ. P. 11(b)(1).  Plaintiffs did not conduct a reasonable inquiry into the law before filing this case.

The Moving Coal Company Defendants brought these concerns to plaintiffs' attention more than 21 days before filing this motion, and asked them to voluntarily dismiss the *Comer II* Complaint.  Plaintiffs declined.

The Moving Coal Company Defendants respectfully request that the Court impose such Rule 11 sanctions as this Court deems just and proper.

Dated: October 14, 2011 Respectfully submitted,

s/ Kathleen Taylor Sooy

Robert D. Gholson (MSB No. 4811)
GHOLSON BURSON ENTREKIN &
ORR, P.A.
535 North 5th Avenue (39440)
P.O. Box 1289
Laurel, Mississippi 39441-1289
Telephone: (601) 649-4440
Facsimile: (601) 649-4441
gholson@gbeolaw.com

OF COUNSEL:

Kathleen Taylor Sooy
Scott L. Winkelman
Tracy A. Roman
CROWELL & MORING LLP
1001 Pennsylvania Ave., N.W.
Washington, DC 20004-2595
Telephone: (202) 624-2500
Facsimile: (202) 628-5116

ATTORNEYS FOR ALPHA NATURAL
RESOURCES, INC.; MASSEY ENERGY
COMPANY; PEABODY ENERGY
CORPORATION; AND RIO TINTO ENERGY
AMERICA, INC.

## CERTIFICATE OF SERVICE

      I hereby certify that on October 14th, 2011, I electronically filed the foregoing with the clerk of the Court using the ECF/CM system, which automatically sent notification of such filing to all parties who have appeared in this case.

s/ Kathleen Taylor Sooy