**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION**

**NED COMER, et al.**                                                             **PLAINTIFFS**

**v.**                                                        **Civil No.: 1:11-CV-220-LG-RHW**

**MURPHY OIL USA, INC., et al.**                                **DEFENDANTS**


**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS
FOR LACK OF PERSONAL JURISDICTION
PURSUANT TO RULE 12(b)(2)**

## Table of Contents

**Page**

Introduction ..................................................................................................................... 1

Facts .............................................................................................................................. 2

Legal Standard ............................................................................................................. 3

Argument ...................................................................................................................... 5

I.      Plaintiffs Have Not Made a Prima Facie Showing that the Non-Resident
        Defendants Are Subject to General Jurisdiction in Mississippi .......................... 5

II.     Plaintiffs Have Not Made a Prima Facie Showing that the Non-Resident
        Defendants Are Subject to Specific Jurisdiction Under Mississippi's Long-Arm
        Statute. ............................................................................................................... 7

III.    Plaintiffs Have Not Pled Facts Showing that the Court Could Exercise
        Jurisdiction Over the Non-Resident Defendants Within the Limits of Due Process. ........ 12

        A.      Due Process Requires that Plaintiff Allege Facts Sufficient to Show that
                the Defendant Took Actions to "Purposefully Avail Itself of the Benefits
                and Laws of the Forum State" and that the Exercise of Jurisdiction
                "Would Not Offend Traditional Notions of Fair Play and Substantial
                Justice." ................................................................................................... 12

        B.      Plaintiffs' Complaint Does Not Allege any Facts Showing that any of the
                Non-Resident Defendants' Purposefully Availed Themselves of the
                Benefits and Laws of Mississippi. ............................................................ 14

        C.      Plaintiffs' Theory of Foreseeability Has Been Consistently Rejected by
                Courts ...................................................................................................... 14

## <u>Table of Authorities</u>

**Cases**

*Adm'rs of Tulane Educ. Fund v. Ipsen, S.A.*,
No. 10-30211, 2011 WL 3822681 (5th Cir. Aug. 30, 2011) ..................................... 5

*Ainsworth v. Cargotec USA, Inc.*,
No. 2:10-cv-236, 2011 WL 1814111 (S.D. Miss. May 9, 2011) ............................. 12

*Allred v. Moore & Peterson, PC*,
117 F.3d 278 (5th Cir. 1997) ..................................................................... 14

*Asahi Metal Indus. Co. v. Sup. Court*,
480 U.S. 102 (1987) ............................................................................ 16, 19

*Bretschger, P.P.A. v. Wilhelm*,
No. CV88 91889, 1990 WL 284022 (Conn. Super. Ct. 1990) ............................... 15

*Burger King Corp. v. Rudzewicz*,
471 U.S. 462 (1985) ......................................................................... 5, 16, 19

*Clemens v. NcNamee*,
615 F.3d 374 (5th Cir. 2010) ............................................................. 3, 4, 5, 18

*Cycles v. W.J. Digby, Inc.*,
889 F.2d 612 (5th Cir. 1989) ................................................................. 9, 10

*Dickson Marine Inc. v. Panalpina, Inc.*,
179 F.3d 331 (5th Cir. 1999) ............................................................... 5, 6, 19

*Ferry v. Langston Corp.*,
792 F. Supp. 512 (S.D. Miss. 1990) ............................................................. 9

*Fielding v. Hubert Burda Media, Inc.*,
415 F.3d 419 (5th Cir. 2005) ..................................................................... 8

*Gibson v. Laurens County Det. Ctr.*,
No. 2:10-cv-02132, 2011 WL 3903175 (D.S.C. Sept. 6, 2011) ............................. 8

*Goodyear Dunlop Tires Operations, S.A. v. Brown*,
131 S. Ct. 2846 (2011) ......................................................................... 6, 7

*Gross v. Chevrolet Country, Inc.*,
655 So. 2d 873 (Miss. 1995) ..................................................................... 9

*Helicopteros Nacionales de Columbia v. Hall, S.A.*,
  466 U.S. 408 (1984) ........................................................................................................ 4

*Hogrobrooks v. Progressive Direct*,
  858 So. 2d 913 (Miss. Ct. App. 2003) ............................................................................ 13

*Int'l Shoe Co. v. Washington*,
  326 U.S. 310 (1945) .................................................................................................... 5, 15

*J. McIntyre Machinery, Ltd. v. Nicastro*,
  131 S. Ct. 2780 (2011) .............................................................................................. 16, 18

*Jobe v. ATR Mktg.*,
  87 F.3d 751 (5th Cir. 1996) ........................................................................................... 14

*Johnston v. Multidata Sys. Int'l Corp.*,
  523 F.3d 602 (5th Cir. 2008) .................................................................................. 4, 7, 15

*LTA, Inc. v. Breeck*,
  No. 1:11-cv-213, 2011 WL 3841374 (S.D. Miss. Aug. 26, 2011) ............................... 6

*McMahan Jets, LLC v. X-Air Flight Support, LLC*,
  No. 2:10-cv-175, 2011 WL 52557 (S.D. Miss. Jan. 7, 2011) ....................................... 9

*Moncrief Oil Int'l Inc. v. OAO Gazprom*,
  481 F.3d 309 (5th Cir. 2007) ........................................................................................... 7

*Mortenson Constr. & Util., Inc. v. Grinnell Mut. Reinsurance Co.*,
  718 F. Supp. 2d 781 (S.D. Miss. 2010) ........................................................................ 13

*Norris v. Krystaltech Intern., Inc.*,
  133 F. Supp. 2d 465 (S.D. Miss. 2000) ........................................................................ 10

*Panda Brandywine Corp. v. Potomac Elec. Power Co.*,
  253 F.3d 865 (5th Cir. 2001) ..................................................................................... 5, 12

*Perkins v. Benguet Consol. Mining Co.*,
  342 U.S. 437 (1952) ......................................................................................................... 6

*R2 Invs. LDC v. Phillips*,
  401 F.3d 638 (5th Cir. 2005) ........................................................................................... 8

*Revell v. Lidov*,
  317 F.3d 467 (5th Cir. 2002) .................................................................................. 3, 7, 18

*Roxco, Ltd. v. Harris Specialty Chems., Inc.*,
  133 F. Supp. 2d 911 (S.D. Miss. 2000) ........................................................................ 14

*S.B. Thompson v. Taracorp, Inc.*,
 684 So. 2d 152 (Ala. Civ. App. 1996) ...................................................................... 15

*Seiferth v. Helciopteros Atuneros, Inc.*,
 472 F.3d 266, 270 (5th Cir. 2006) ................................................................ 3, 10, 18

*Shaw v. Exelon Corp.*,
 167 F. Supp. 2d 917 (S.D. Miss. 2001) .................................................................... 18

*Shaw v. Rogers*,
 No. 1:07-cv-001, 2007 WL 1562341 (S.D. Miss. May 29, 2007) ............................ 8

*Siemer v. Learjet Acquisition Corp.*,
 966 F.2d 179 (5th Cir. 1992) ..................................................................................... 8

*Sorrells v. R & R Custom Coach Works, Inc.*,
 636 So. 2d 668 (Miss. 1994) ............................................................................ 16, 19

*Submersible Sys., Inc. v. Perforadora Cent, S.A.*,
 249 F.3d 413 (5th Cir. 2001) ..................................................................................... 4

*Thompson v. Chrysler Motors Corp.*,
 755 F.2d 1162 (5th Cir. 1985) ................................................................................... 6

*Willow Creek Exploration v. Tadlock Pipe & Equip.*,
 186 F. Supp. 2d 675 (S.D. Miss. 2002) .............................................................. 6, 19

*World-Wide Volkswagen Corp. v. Woodson*,
 444 U.S. 286 (1980) .................................................................................... 5, 18, 19

*Yates v. Turzin*,
 786 F. Supp. 594 (S.D. Miss. 1991) ......................................................................... 3

**Statutes**

Miss. Code Ann. § 13-3-57 .................................................................................... 3, 7, 8

## Introduction

The moving Non-Resident Defendants[1] respectfully submit this consolidated memorandum in support of their Motion to Dismiss for Lack of Personal Jurisdiction Pursuant to Federal Rule of Civil Procedure 12(b)(2).

Plaintiffs' Amended Complaint ("Complaint") fails to allege facts sufficient to establish a prima facie case of either general or specific jurisdiction.  There is no general jurisdiction because the Complaint does not contain allegations that, if true, would be sufficient to constitute "substantial, continuous, and systematic" operations in Mississippi such that the Non-Resident Defendants could be deemed to be "doing business" here.  And there is no specific jurisdiction because:  (i) Plaintiffs' Complaint fails to allege facts that, if true, would be sufficient to find that their injuries arose from, or relate to, any Non-Resident Defendant's conduct *in Mississippi*; (ii) Plaintiffs' Complaint fails to allege facts that, if true, would be sufficient to find that any Non-Resident Defendant purposefully availed itself of the benefits and protections of Mississippi law or purposefully directed its conduct toward Mississippi; and (iii) insofar as Plaintiffs endeavor to rely on the theory that out-of-state emissions caused foreseeable injury in Mississippi, courts

---

[1] AEP Generating Company, AEP Texas Central Company, AEP Texas North Company, the AES Corp., Alabama Power Company, Ameren Energy Generating Company, Ameren Illinois Company (incorrectly sued as Illinois Power Company and Central Illinois Light Company), Appalachian Power Company, Carolina Power & Light Company, Columbus Southern Power Company, Dominion Energy, Inc., Edison Mission Energy, Edison Mission Energy Petroleum, Edison Mission Energy Services, Inc., Florida Power & Light Company, Florida Power Corporation, Georgia Power Company, Indiana Michigan Power Company, Kentucky Power Company, Kentucky Utilities Company, LG&E Energy, Inc., NextEra Energy, Inc., Northern States Power Company (Minnesota), Northern States Power Company (Wisconsin), Ohio Power Company, Public Service Company of Colorado, Public Service Company of Oklahoma, Southern California Edison Company, Southwestern Electric Power Company, Southwestern Public Service Company, Western Kentucky Energy Corporation, Union Electric Company, Virginia Electric and Power Company, and Xcel Energy Inc.

(including the U.S. Supreme Court) have consistently rejected Plaintiffs' stratagem as contrary to due process requirements of fair play and substantial justice.

## Facts

Plaintiffs' Complaint asserts claims on behalf of a putative class of Mississippi residents who suffered property damage, personal injury and/or other economic loss from the alleged effects of climate change, including an increase in the intensity of Hurricane Katrina.  (Compl. ¶¶ 42, 47.)  In seeking to establish personal jurisdiction over the Non-Resident[2] Defendants, Plaintiffs' Complaint relies upon three generic allegations asserted as to all Defendants, namely that:  (i) unspecified Defendants have, in unspecified locations, "engaged in the exploration, development, mining, production and/or combustion of . . . fossil fuels" (Compl. ¶ 7); (ii) "[t]hese activities tortiously caused damage to Plaintiffs' property in Mississippi" (*id.*); (iii) "[c]onsequently, these Defendants are deemed to be doing business in Mississippi  and subject to

---

[2] Plaintiffs' Complaint acknowledges that none of the Non-Resident Defendants are incorporated in, or have their principal place of business in, Mississippi:  AEP Generating Co. (OH & OH, Compl. ¶ 3.a); AEP Texas Central Co. (TX & OH, ¶ 3.e); AEP Texas North Co. (TX & OH, ¶ 3.f); the AES Corp. (DE & VA, ¶ 3.bbb); Alabama Power Co. (AL & AL, ¶ 3.k); Ameren Energy Generating Co. (IL & MO, ¶ 3.ll); Appalachian Power Co. (VA & OH, ¶ 3.g); Carolina Power and Light Co. (NC & NC, ¶ 3.jj); Central Illinois Light Co. (IL & IL, ¶ 3.qq); Columbus Southern Power Co. (OH & OH, ¶ 3.b); Dominion Energy, Inc. (VA & VA, ¶ 3.xx); Edison Mission Energy (DE & CA, ¶ 3.z); Edison Mission Energy Services, Inc. (CA & CA, ¶ 3.bb); Edison Mission Energy Petroleum (CA & CA, ¶ 3.aa); Florida Power and Light Co. (FL & FL, ¶ 3.aaa); Florida Power Corp. (FL & FL, ¶ 3.kk); Georgia Power Co. (GA & GA, ¶ 3.l); Illinois Power Co. (IL & IL, ¶ 3.rr); Indiana Michigan Power Co. (IN & OH, ¶ 3.h); Kentucky Power Co. (KY & OH, ¶ 3.i); Kentucky Utilities Co. (KY & KY, ¶ 3.hh); LG&E Energy, Inc. (KY & KY, ¶ 3.ff); Next Era Energy, Inc. (FL & FL, ¶ 3.zz); Northern States Power Co. (Minnesota) (MN & MN, ¶ 3.q); Northern States Power Co. (Wisconsin) (WI & WI, ¶ 3.r); Ohio Power Co. (OH & OH, ¶ 3.c); Public Service Co. of Colorado (CO & CO, ¶ 3.s); Public Service Co. of Oklahoma (OK & OH, ¶ 3.j); Southern California Edison Co. (CA & CA, ¶ 3.y); Southwestern Electric Power Co. (DE & OH, ¶ 3.d); Southwestern Public Service Co. (NM & TX, ¶ 3.t); Western Kentucky Energy Corp. (KY & KY, ¶ 3.ii); Union Electric Co. (MO & MO, ¶ 3.mm); Virginia Electric and Power Co. (VA & VA, ¶ 3.ww); and Xcel Energy Inc. (MN & MN, ¶ 3.p).

the jurisdiction of this Court pursuant to Miss. Code Ann. § 13-3-57" (the Mississippi long-arm statute) (*id.*).

## Legal Standard

Plaintiffs bear the burden of establishing personal jurisdiction as to each defendant. *See, e.g.*, *Clemens v. NcNamee*, 615 F.3d 374, 378 (5th Cir. 2010); *Yates v. Turzin*, 786 F. Supp. 594, 596 (S.D. Miss. 1991) (dismissing as to one of two defendants). If the Complaint fails to plead facts sufficient to establish a prima facie case that this Court has personal jurisdiction over a defendant, that defendant must be dismissed from the case. *See, e.g.*, *Clemens*, 615 F.3d at 378; *Revell v. Lidov*, 317 F.3d 467, 476 (5th Cir. 2002).

A court must satisfy two requirements to exercise personal jurisdiction over a non-resident defendant. "First, the forum state's long-arm statute must confer personal jurisdiction." *Seiferth v. Helciopteros Atuneros, Inc.*, 472 F.3d 266, 270 (5th Cir. 2006). "Second, the exercise of jurisdiction must not exceed the boundaries of the Due Process Clause of the Fourteenth Amendment." *Id.*

Personal jurisdiction may exist over a non-resident defendant based on one of two theories: general jurisdiction or specific jurisdiction. General jurisdiction exists where the defendant's contacts with the forum state are substantial, continuous, and systematic and fairly can be described as extensive or wide-ranging. *Helicopteros Nacionales de Columbia v. Hall, S.A.*, 466 U.S. 408, 416-17 (1984). "The 'continuous and systematic contacts test is a difficult one to meet, requiring extensive contacts between a defendant and a forum.'" *Johnston v. Multidata Sys. Int'l Corp.*, 523 F.3d 602, 609 (5th Cir. 2008) (quoting *Submersible Sys., Inc. v. Perforadora Cent, S.A.*, 249 F.3d 413, 419 (5th Cir. 2001)).

If the defendant does not have substantial and systematic contacts with the forum sufficient to establish general jurisdiction, specific jurisdiction may nonetheless exist if the defendant has purposefully availed itself of benefits of the forum state, the controversy is related to or arises from the defendant's contacts with the forum state, and the exercise of jurisdiction is reasonable. *Clemens*, 615 F.3d at 378. As the Fifth Circuit has explained, "[i]t is essential that there be some act by which the defendant purposefully avails himself of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of its laws." *Id.* at 379.

Under either jurisdictional theory, to establish a prima facie case of personal jurisdiction, the plaintiff must also plead facts sufficient to show that a defendant has adequate minimum contacts with the forum state "such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice" under the Due Process Clause of the Fourteenth Amendment. *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945); *Adm'rs of Tulane Educ. Fund v. Ipsen, S.A.*, No. 10-30211, 2011 WL 3822681, *2 (5th Cir. Aug. 30, 2011) (per curiam) ("A court has personal jurisdiction over a nonresident defendant if the exercise of jurisdiction is allowed by the forum state's long-arm statute, and the exercise of jurisdiction comports with due process." (citing *Dickson Marine Inc. v. Panalpina, Inc.*, 179 F.3d 331, 336 (5th Cir. 1999)). Such minimum contacts do not exist where the defendant's activities were such that it could not reasonably anticipate being haled into court there. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474 (1985); *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980).

In deciding a motion to dismiss for lack of personal jurisdiction, courts must accept as true a plaintiff's uncontroverted allegations of *factual* matters, *see Clemens*, 615 F.3d at 378 (emphasis added), but courts are not to accept mere assertions of legal conclusion, *Panda*

*Brandywine Corp. v. Potomac Elec. Power Co.*, 253 F.3d 865, 868-69 (5th Cir. 2001), or factual allegations controverted by a proper affidavit or declaration, *LTA, Inc. v. Breeck*, No. 1:11-cv-213, 2011 WL 3841374, at *2 (S.D. Miss. Aug. 26, 2011) (citing *Thompson v. Chrysler Motors Corp.*, 755 F.2d 1162, 1165 (5th Cir. 1985)).

<u>Argument</u>

**I.      Plaintiffs Have Not Made a Prima Facie Showing that the Non-Resident Defendants Are Subject to General Jurisdiction in Mississippi.**

For a defendant to be subject to general jurisdiction, it must have "continuous and systematic general business contacts" with the forum state such that it would be reasonable for the corporation to expect to be haled into that state's courts regardless of whether the suit stems from those contacts. *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 131 S. Ct. 2846, 2857 (2011); *Perkins v. Benguet Consol. Mining Co.*, 342 U.S. 437, 445 (1952) (noting that the "continuous and systematic" contacts necessary for general jurisdiction include "directors' meetings, business correspondence, banking, stock transfers, payments of salaries, purchasing machinery, etc."); *Dickson Marine*, 179 F.3d at 336; *Willow Creek Exploration v. Tadlock Pipe & Equip.,* 186 F. Supp. 2d 675, 680 (S.D. Miss. 2002). "'Random, fortuitous, or attenuated contacts are not sufficient to establish jurisdiction.'" *Johnston*, 523 F.3d at 610 (quoting *Moncrief Oil Int'l Inc. v. OAO Gazprom*, 481 F.3d 309, 312 (5th Cir. 2007)). "'[E]ven repeated contacts with forum residents by a foreign defendant may not constitute the requisite substantial, continuous and systematic contacts required for a finding of general jurisdiction.'" *Id*. at 609 (quoting *Revell*, 317 F.3d at 471 (alteration in original)).

Plaintiffs' Complaint does not plead facts that if true would suffice to show the Non-Resident Defendants have "continuous and systematic general business contacts" with Mississippi. *Goodyear*, 131 S. Ct. at 2857. Plaintiffs simply recount the place of incorporation

and principal place of business, which are outside of Mississippi for each Non-Resident

Defendant, and make no effort to detail any possible "continuous operations" within Mississippi.

The only allegation remotely relevant to general jurisdiction over the Non-Resident Defendants

is Plaintiffs' ambiguous claim that some unspecified "many" among the nearly 100 defendants in

this case are registered to do business here.  (Compl. ¶ 7.)  But that allegation is both too vague

and insubstantial to satisfy Plaintiffs' burden to plead facts sufficient to show personal

jurisdiction with respect to each individual defendant.  *Johnston*, 523 F.3d at 610 ("vague and

overgeneralized assertions . . . are insufficient to support general jurisdiction").[3]  With regard to

the Non-Resident Defendants, it is also belied by the public records of the Mississippi Secretary

of State.[4]  As such, Plaintiffs have not pled facts sufficient to demonstrate general jurisdiction

---

[3] Even if one or more Non-Resident Defendants were registered to do business in Mississippi, which they are not, this fact alone would be insufficient to confer general personal jurisdiction over such defendant(s).  That a company is registered to do business or has appointed an agent to receive service of process in a state "'is of no special weight' in evaluating general personal jurisdiction."  *Siemer v. Learjet Acquisition Corp.*, 966 F.2d 179, 181 (5th Cir. 1992); *see also Fielding v. Hubert Burda Media, Inc.*, 415 F.3d 419, 429 (5th Cir. 2005) (noting that "the registration of an agent for receipt of service of process does not establish general jurisdiction").

[4] The Court can and should take judicial notice of the fact that none of the Non-Resident Defendants is registered to do business in Mississippi, as established by an internet search of the records of the Mississippi Secretary of State.  *See* http://www.sos.ms.gov/business_services_business_formation2.aspx; *see also R2 Invs. LDC v. Phillips*, 401 F.3d 638, 640 n.2 (5th Cir. 2005) (holding that a court may "may take judicial notice of documents in the public record . . . , and may consider such documents in determining a motion to dismiss"); *Shaw v. Rogers*, No. 1:07-cv-001, 2007 WL 1562341, at *4 (S.D. Miss. May 29, 2007) (taking judicial notice of Mississippi Secretary of State records identifying a Mississippi state court judge); *Gibson v. Laurens County Det. Ctr.*, No. 2:10-cv-02132, 2011 WL 3903175, at *2 n.3 (D.S.C. Sept. 6, 2011) (taking judicial notice of the fact that an internet search of corporate filings with Secretary of State revealed no record of incorporation for an entity).

over Non-Resident Defendants.[5]

## II.    Plaintiffs Have Not Made a Prima Facie Showing that the Non-Resident Defendants Are Subject to Specific Jurisdiction Under Mississippi's Long-Arm Statute.

Plaintiffs' Complaint asserts that the Non-Resident Defendants are subject to personal

jurisdiction under Mississippi's long-arm statute on the theory that they have committed a tort in

whole or in part in Mississippi.[6]  (Comp. ¶ 7, citing Miss. Code Ann. § 13-3-57.)   The tort prong

of Mississippi's long-arm statute provides in relevant part:

> Any … foreign or other corporation not qualified under the
> Constitution and laws of this state as to doing business herein . .
> .who shall commit a tort in whole or in part in this state against a

---

[5] In light of the fact that these allegations are plainly inadequate to establish personal jurisdiction, the Non-Resident Defendants have not submitted factual declarations in support of this Motion; however, the Non-Resident Defendants reserve the right to refute these and any other allegations at a later time if necessary.

[6] The other prongs of the long-arm statute — "contracts" and "doing business" —  do not apply here.  This suit does not involve any contract between the parties and, in any event, Plaintiffs do not appear to seek to premise jurisdiction on the "contracts" prong of the long-arm statute which provides jurisdiction when an out-of-state defendant makes a contract with a resident of Mississippi to be performed in whole or in part by any party in Mississippi.  Miss. Code Ann. § 13-3-57.

In addition, because of the same pleading deficiencies described above with respect to general jurisdiction, Plaintiffs' Complaint cannot be said plausibly to assert jurisdiction under the "doing business" prong of the long-arm statute.  Moreover, Plaintiffs' allegations fail for additional reasons under the specific legal test for the "doing business" prong.  "'[T]o assert jurisdiction under this aspect of the long arm statute: (1) the nonresident defendant must purposefully do some act or consummate some transaction within the state; (2) the cause of action must arise from or be connected with such act or transaction; and (3) the assumption of jurisdiction by Mississippi must not offend traditional notions of fair play and substantial justice.'"  *McMahan Jets, LLC v. X-Air Flight Support, LLC*, No. 2:10-cv-175, 2011 WL 52557, at *4 (S.D. Miss. Jan. 7, 2011) (quoting *Cycles v. W.J. Digby, Inc.*, 889 F.2d 612, 620 (5th Cir. 1989)); *see also Gross v. Chevrolet Country, Inc.*, 655 So. 2d 873, 877 (Miss. 1995).  Plaintiffs do not identify any purposeful act or transaction consummated within Mississippi by any of the Non-Resident Defendants, much less one connected to the claim, *see Ferry v. Langston Corp.*, 792 F. Supp. 512, 513 (S.D. Miss. 1990).  Thus, Plaintiffs have not pled an act committed by a Non-Resident Defendant in Mississippi that is connected to the alleged tort.

> resident [or] nonresident of this state … shall . . . be subjected to
> the jurisdiction of the courts of this state.

(Miss. Code Ann. §13-3-57 (2010)).

Plaintiffs attempt to invoke jurisdiction under this "tort" prong of the long-arm statute based on two allegations:  that (i) all defendants "engaged [at unspecified locations] in the exploration, development, mining, production and/or combustion" of carbon-based fossil fuels, and (ii) "[t]hese activities tortiously caused damage to Plaintiffs' property in Mississippi . . . ." (Compl. ¶ 7.)

The Mississippi long-arm statute is not co-extensive with federal due process. *Norris v. Krystaltech Intern., Inc.*, 133 F. Supp. 2d 465, 467 (S.D. Miss. 2000); *see also Cycles*, 889 F.2d at 615 (observing that Mississippi's long-arm statute has a "relatively restrictive scope").  To satisfy the statute a plaintiff must plead facts that, if true, would be sufficient to show that the defendant's out-of-state conduct was responsible for "causing an injury that occurs in the state." *Seiferth*, 472 F.3d at 271.  Here, in three respects, Plaintiffs' own allegations belie their premise that the Non-Resident Defendants' out-of-state conduct was responsible for "causing" Plaintiffs' injury.

First, Plaintiffs fail to allege any facts relating to the conduct of any particular Non-Resident Defendant, and instead merely lump all of the Defendants together as a single entity. That approach, *a fortiori*, fails to provide a plausible basis from which one could conclude that any individual Non-Resident Defendant "caused" Plaintiffs' injuries. *Atuahene v. City of Hartford*, 10 Fed. App'x 33, 34 (2d Cir. 2001) ("Lumping" defendants together fails to satisfy Rule 8 pleading standards.).  And this is particularly true where, as here with respect to the Non-

Resident Defendants that operate power plants,[7]  the theory is premised, in any event, on the performance of duties to satisfy electricity demand by means and methods approved through strict regulatory approval processes required to be satisfied at the federal, state and/or local levels and subject to specific permits in order for those plants to operate.  *See People ex rel. Scott v. Continental Can Co.*, 329 N.E.2d 362, 364 (Ill. App. Ct. 1975) (public nuisance claim dismissed where defendant's emissions were in compliance with permits).

Second, Plaintiffs' factual allegations, even if true, do not lead to the conclusion that the Non-Resident Defendants "caused" Plaintiffs' injury, as opposed to innumerable other forces. Plaintiffs' factual allegations are that the Non-Resident Defendants were among the virtually infinite sources worldwide of greenhouse gas emissions that contributed over centuries to what are now alleged to be elevated accumulations of gases in the atmosphere and that those accumulations contributed to global warming which made Hurricane Katrina incrementally stronger which, when atmospheric forces beyond any party's control drove the Hurricane to Mississippi, caused materially greater damage to Plaintiffs than otherwise would have occurred. (Compl. ¶¶ 12-13, 17.)[8]  On its face, Plaintiffs' allegations, even if true, do not lead to the conclusion that the Non-Resident Defendants "caused" Plaintiffs' injury, but rather that

---

[7] Certain of the Non-Resident Defendants that are holding companies or otherwise do not generate electricity and thereby emit greenhouse gases may have additional grounds to assert a defense under Federal Rule of Civil Procedure 12(b)(2) in addition to those explicitly raised in this memorandum of law, including that they did not engage in the activities at issue in this action.  These defendants hereby preserve the right to assert such additional grounds at a later time if necessary.

[8] Plaintiffs' assertion that all Defendants "caused" their injury is, of course, a mere legal conclusion that is not given any weight in the Court's analysis.  *See Panda*, 253 F.3d at 868-69.

innumerable other forces did.  There is no case in Mississippi jurisprudence that Plaintiffs

can cite to meet their burden of establishing that the Mississippi long-arm statute reaches this far.

By way of illustration, it is notable how Mississippi state and federal courts

have articulated what is surely the outer reaches of the statute — the products liability context.

In that area, courts have construed the statute to provide that:

> a non-resident manufacturer of a dangerously defective or unsafe
> product who places it in interstate commerce *for the purpose of
> distribution and ultimately sale to consumers* in other states
> [generally], … may be subjected to a personam action for damages
> in [Mississippi] by such *consumer* who may be injured in this
> State….

*Ainsworth v. Cargotec USA, Inc.*, No. 2:10-cv-236, 2011 WL 1814111, at *2 (S.D. Miss. May 9,

2011) (emphases added) (quoting *Smith v. Temco, Inc.*, 252 So. 2d 212, 216 (Miss 1971)).  It is

the existence of *all* of those circumstances in a products liability case that makes it appropriate to

extend long-arm jurisdiction, and the absence of those (or analogous) circumstances here that

makes it inappropriate to extend the long-arm statute to cover Plaintiffs' novel theory.

The recent decision in *Mortenson Construction & Utility, Inc. v. Grinnell Mutual

Reinsurance Co.* further illustrates the important limits of the tort prong of the long-arm statute at

its outer reaches.  In that case, the plaintiff maintained commercial general liability insurance

with the defendant, an Iowa corporation.  718 F. Supp. 2d 781, 782 (S.D. Miss. 2010).  A third-

party hired the insured plaintiff to perform construction work in Mississippi and, later, claimed

that the insured caused damage to the third-party's property.  *Id.*  The defendant insurer refused

to defend the insured and pay the claim.  *Id.*  The insured sued its insurer in Mississippi,

asserting personal jurisdiction under the tort prong of the long-arm statute on the theory that the

underlying claim, the insurer's investigation thereof, and the failure to defend (and therefore the

insured's injury) occurred in Mississippi.  *Id.* at 782-83.  The Court held that the allegedly tortious conduct and decision-making by the insurer occurred exclusively outside Mississippi and "no part of any tort alleged was committed in Mississippi."  *Id.* at 784 (citing *Hogrobrooks v. Progressive Direct*, 858 So. 2d 913, 921 (Miss. Ct. App. 2003) (reaching the same conclusion on similar facts because "[t]he lawsuit is not about the accident")).  Likewise, here, although Hurricane Katrina made landfall in Mississippi, among other places, and caused extensive damage here, the Non-Resident Defendants' alleged emissions took place entirely outside this State, allegedly mixed in the global atmosphere, which mixing is alleged to have contributed to complex processes that heated the earth and the Atlantic Ocean far from Mississippi, which in turn allegedly spawned a hurricane far from Mississippi that then moved across the ocean, the Gulf, and many States and countries.  The emissions are not alleged to have caused injury by their presence here.

Third, a long line of Mississippi cases regarding the reach of Mississippi's long-arm statute reinforces the unmistakable conclusion that Plaintiffs have alleged no cognizable tort occurring in Mississippi.  When presented with multiple links in a causal chain between the alleged activity of an out-of-state defendant and the alleged damages to an in-state resident, the federal courts in Mississippi have repeatedly found no grounds invoke personal jurisdiction.  *See Walker v. World Ins. Co.*, 289 F. Supp. 2d 786, 789 (S.D. Miss. 2003) (the *consequence* stemming from the allegedly erroneous insurance determination in Iowa is the emotional distress allegedly suffered by Plaintiffs in Mississippi; because the *injury* itself occurred outside of

Mississippi, the Mississippi long-arm statute could not be used to establish personal jurisdiction).[9]

### III. Plaintiffs Have Not Pled Facts Showing that the Court Could Exercise Jurisdiction Over the Non-Resident Defendants Within the Limits of Due Process.

#### A. Due Process Requires that Plaintiff Allege Facts Sufficient to Show that the Defendant Took Actions to "Purposefully Avail Itself of the Benefits and Laws of the Forum State" and that the Exercise of Jurisdiction "Would Not Offend Traditional Notions of Fair Play and Substantial Justice."

The exercise of personal jurisdiction over a non-resident defendant also must comport with due process. To satisfy due process, Plaintiffs must plead facts sufficient to show: "(1) that

_____

[9] See *Jobe v. ATR Mktg.*, 87 F.3d 751, 754 (5th Cir. 1996) (holding that the "injuries" that allegedly occurred in Mississippi were "nothing more than the economic consequences and other miscellaneous fallout that can be expected to trail in the wake of a failed airline or other business," whereas the actual injury was merely an aborted business deal that occurred outside of Mississippi; therefore, the tort prong of the long-arm statute did not apply); *Allred v. Moore & Peterson, PC*, 117 F.3d 278, 283-85 (5th Cir. 1997) (holding that the tort prong was not satisfied where plaintiff's malicious prosecution claim injury was the defendants' filing of a lawsuit in Louisiana and where plaintiff's abuse of process claim injuries were the decisions that the defendants made in Louisiana or Texas); *Roxco, Ltd. v. Harris Specialty Chems., Inc.*, 133 F. Supp. 2d 911, 916 (S.D. Miss. 2000) (concluding that plaintiff did not establish the tort prong because plaintiff "merely alleges that it suffered some form of economic consequence in Mississippi as a result of an alleged tort caused by defendants, albeit that the bulk of the offensive actions constituting this alleged tort were committed in Louisiana, not Mississippi"); *see also S.B. Thompson v. Taracorp, Inc.*, 684 So. 2d 152, 153-155 (Ala. Civ. App. 1996) (affirming trial court's finding that a Georgia-based defendant who sold stocks of used batteries to a battery dismantling facility located in Alabama did not cause a tortious injury or damage by an act or omission in Alabama where the plaintiffs, who owned property neighboring the battery dismantling facility, sought damages for lead poisoning and the complaint alleged counts of negligence, trespass and nuisance, strict liability for engaging in abnormally dangerous activities, "negligent selection of independent contractors," and "negligent delivery of hazardous materials to an incompetent."); *Bretschger, P.P.A. v. Wilhelm*, No. CV88 91889, 1990 WL 284022, at *1-3 (Conn. Super. Ct. 1990) (finding that, to the extent a tort was committed by a New York-based defendant who operates a bar located near the Connecticut border which allegedly served liquor to an intoxicated person that subsequently caused an automobile accident in Connecticut in which the plaintiff sustained personal injuries, that tort was committed in New York and therefore could not form the basis of the court's assertion of personal jurisdiction over the defendant).

the non-resident purposefully availed himself of the benefits and protections of the forum state by establishing 'minimum contacts' with the state; and (2) that the exercise of jurisdiction does not offend 'traditional notions of fair play and substantial justice.'" *Johnston*, 523 F.3d at 609; *Int'l Shoe*, 326 U.S. at 316 (A non-resident defendant must have "certain minimum contacts with [the forum state] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice"). "'The substantial connection between the defendant and the forum State necessary for a finding of minimum contacts must come about by *an action of the defendant purposefully directed toward the forum State*.'" *Sorrells v. R & R Custom Coach Works, Inc.*, 636 So. 2d 668, 674 (Miss. 1994) (quoting *Asahi Metal Indus. Co. v. Sup. Court*, 480 U.S. 102, 107 (1987)) (emphasis in original); *J. McIntyre Machinery, Ltd. v. Nicastro*, 131 S. Ct. 2780, 2789 (2011) (plurality opinion) ("The question is whether a defendant has followed a course of conduct *directed at the society or economy existing within the jurisdiction* of a given sovereign." (emphasis added)). "It is the defendant's purposeful availment that makes jurisdiction consistent with 'fair play and substantial justice' notice." *J. McIntyre*, 131 S. Ct. at 2787; *Burger King v. Rudzewicz*, 471 U.S. 462, 472 (1985) (minimum contacts satisfied if the defendant has: "'purposefully directed' his activities at residents of the forum . . . and the litigation results from alleged injuries that 'arise out of or relate to' those activities"). In this case, the exercise of jurisdiction over the Non-Resident Defendants would violate due process because: (i) the Complaint does not allege any facts showing that Defendants have "purposefully availed" themselves of the benefits and protections of Mississippi law; and (ii) the exercise of jurisdiction would offend traditional notions of fair play and substantial justice.

B.  Plaintiffs' Complaint Does Not Allege any Facts Showing that any of the Non-Resident Defendants Purposefully Availed Themselves of the Benefits and Laws of Mississippi.

Plaintiffs do not, and could not, allege that any of the Non-Resident Defendants' electricity generation activities (if any) occurred in Mississippi.  They allege only that the Non-Resident Defendants' out-of-state electricity generating activities "tortiously caused damage to Plaintiffs' property in Mississippi."  (Compl. ¶ 7.)  The causation theory on which Plaintiffs' allegations rely is that Defendants' out-of-state electricity generation "increas[e] the concentration of [greenhouse] gases in the Earth's atmosphere," which "increases the amount of solar energy trapped by Earth's atmosphere, resulting in warmer air and water temperatures" among other things, and in turn produced in Hurricane Katrina a storm of unprecedented magnitude.  (Compl. ¶¶ 12, 16-18.)  The combination of all these occurrences, Plaintiffs allege, caused their injuries.

Plaintiffs' Complaint alleges no facts that, if true, would support a finding that any Non-Resident Defendant's activities were *purposefully directed* at Mississippi.  This is not surprising because Plaintiffs' theory of personal jurisdiction is not that the Non-Resident Defendants in any way availed themselves of Mississippi laws or markets.  Rather, Plaintiffs' theory is that the Non-Resident Defendants availed themselves of the global atmosphere generally with knowledge that their alleged emissions may contribute to global climate change through complex global meteorological processes.

C.  Plaintiffs' Theory of Foreseeability Has Been Consistently Rejected by Courts

The United States Supreme Court, the Fifth Circuit, and this Court have repeatedly and clearly rejected the notion that foreseeable injury in the jurisdiction, without a showing of purposeful availment, is adequate to satisfy due process.  In *World-Wide Volkswagen v.*

-14-

*Woodson*, 444 U.S. 286 (1980)*, an individual injured in an automobile accident in Oklahoma brought a products liability suit against, among others, the New York wholesaler and New York retailer from whom he bought the vehicle.  The plaintiff argued that, because an automobile is mobile by design, it was foreseeable that it would cause injury in a state other than the one where the defendant distributor had sold it, and for this reason due process was satisfied.  *Id.* at 290, 295.  The Court squarely rejected that theory – holding that "foreseeability alone has never been a sufficient benchmark for personal jurisdiction under the Due Process Clause."  *Id.* at 295.  The Court noted that "if foreseeability alone were the criterion . . . [e]very seller of chattels would in effect appoint the chattel his agent for service of process.  His amenability to suit would travel with the chattel."  *Id.* at 296; s*ee also J. McIntyre Machinery*, 131 S. Ct. at 2783 ("The principal inquiry  . . . is whether the defendant's activities manifest an intention to submit to the power of a sovereign. . . .   [I]t is not enough that the defendant might have predicted that its goods will reach the forum state.").[10]

---

[10] *See also Clemens*, 615 F.3d at 380 (finding defamatory statements that were made outside Texas, but that caused damage in Texas, insufficient to show purposeful availment of Texas, despite the allegation that defendant had "knowledge of the likelihood of such damage in the forum"); *Seiferth*, 472 F.3d at 272-73 (holding that the lease of a helicopter that caused injury in Mississippi was insufficient for jurisdiction in Mississippi because plaintiff did not show "any reason for [defendant] to have expected [plaintiff] to use the helicopter in Mississippi"); *Revell*, 317 F.3d at 475 (holding professor's posting of editorial on website that was "presumably directed at the entire world . . ." insufficient to show purposeful availment of Texas); *Shaw v. Exelon Corp.*, 167 F. Supp. 2d 917, 920 (S.D. Miss. 2001) ("Plaintiff argues that when the Defendant gave the credit information to Trans Union it should have known that the information could be 'published' in any State . . . [b]ut the Plaintiff appears to be taking the 'foreseeability' element of *World-Wide Volkswagen* a step further than the Supreme Court intended."); *Willow Creek*, 186 F. Supp. 2d at 684 ("[E]ven if Cappco placed its tubing into the stream of commerce with the awareness that it might reach Mississippi, this court cannot exercise specific personal jurisdiction over Cappco without a showing that it committed an act that itself was purposefully directed at Mississippi."); *Sorrells*, 636 So. 2d at 674-75 (denying jurisdiction on ground that

In this and other cases, courts have discussed, in a way that is insightful and germane here, the nature of the Due Process Clause and why it cabins personal jurisdiction. Requiring purposeful direction is necessary in order to achieve the core objective of due process — *i.e.*, to "give a degree of predictability to the legal system that allows potential defendants to structure their primary conduct with some minimum assurance as to where that conduct will and will not render them liable to suit." *World-Wide Volkswagen*, 444 U.S. at 297; *Burger King*, 471 U.S. at 472. As the Supreme Court has regularly explained, the basic concept is that due process entails allowing actors "to alleviate the risk of burdensome litigation by procuring insurance, passing the expected costs on to customers or, if the risks are too great, severing their connection with the State." *World-Wide Volkswagen*, 444 U.S. at 297; *Burger King*, 471 U.S. at 475 n.17; *Asahi*, 480 U.S. at 110; *Dickson*, 179 F.3d at 336. The core problem with extending long-arm jurisdiction to this case is that there would be no way for a Non-Resident Defendant "to structure its conduct" so as to sever its connection with Mississippi short of ceasing its conduct entirely.[11] And the Court rejected that approach in *World-Wide Volkswagen* by requiring more than just foreseeability. Instead, it required purposeful availment.

---

"the record is completely devoid of any activity [by defendant] indicative of an intent or purpose . . . to serve the Mississippi market").

[11] It is this fact — that, under Plaintiffs theory, the Non-Resident Defendants (as well as every other anthropogenic emission source, which includes therein every natural person and virtually every corporate entity) would be unable to structure their conduct so as to avoid being subject to jurisdiction — that bars, as contrary to traditional notions of fair play and substantial justice, extension of jurisdiction to these defendants.

In sum, because Plaintiffs do not allege facts plausibly supporting a claim that the Non-Resident Defendants purposefully availed themselves of the benefits and rights of Mississippi laws, exercising personal jurisdiction over those Defendants would violate due process.  The Complaint must be dismissed as to these Defendants.

**Conclusion**

For the foregoing reasons, the Non-Resident Defendants should be dismissed from this

action for lack of personal jurisdiction.

Dated:  October 14, 2011                                 Respectfully submitted,

s/ John G. Corlew, with permission          s/ Ben H. Stone, with permission
John G. Corlew, MS Bar # 6526              Ben H. Stone, MS Bar # 7934
Kathy K. Smith, MS Bar # 10350             Jonathan P. Dyal, MS Bar # 99146
Corlew Munford & Smith PLLC                Michael Freeman (admitted pro hac vice)
P.O. Box 16807                             Ed Haden (admitted pro hac vice)
Jackson, MS 39236                          Balch & Bingham LLP
Telephone:  (601) 366-1106                 1310 Twenty Fifth Avenue
Fax:  (601) 366-1052                       Gulfport, MS 39501
jcorlew@cmslawyers.com                     Telephone:  (228) 684-9900
ksmith@cmslawyers.com                      Fax:  (228) 864-8221
                                           jdyal@balch.com
Thomas E. Fennell (admitted pro hac vice)  bstone@balch.com
Michael L. Rice (admitted pro hac vice)    mfreeman@balch.com
Jones Day                                  ehaden@balch.com
2727 N. Harwood St.
Dallas, TX 75201                           F. William Brownell (admitted pro hac vice)
Telephone:  (214) 220-3939                 Norman W. Fichthorn (admitted pro hac vice)
Fax:  (214) 696-5100                       Shawn Patrick Regan (admitted pro hac vice)
tefennell@jonesday.com                     Allison D. Wood (admitted pro hac vice)
mlrice@jonesday.com                        Hunton & Williams LLP
                                           2200 Pennsylvania Ave., N.W.
Kevin Holewinski (admitted pro hac vice)   Washington, D.C. 20037
Jones Day                                  Telephone:  (202) 955-1500
51 Louisiana Ave., N.W.                    Fax:  (202) 778-2201
Washington, D.C. 20001                     bbrownell@hunton.com
Telephone:  (202) 879-3939                 nfichthorn@hunton.com
Fax:  (202) 626-1700                       sregan@hunton.com
kpholewinski@jonesday.com                  awood@hunton.com

***Counsel for Xcel Energy Inc., Public***      ***Counsel for Alabama Power Company,***
***Service Company of Colorado, Northern***     ***Georgia Power Company, Edison Mission***
***States Power Company (Minnesota),***         ***Energy Services, Inc., Edison Mission Energy***
***Northern States Power Company***             ***Petroleum, Southern California Edison***
***(Wisconsin), and Southwestern Public***      ***Company, Edison Mission Energy, Kentucky***
***Service Company***                           ***Utilities Company, LG&E Energy, Inc., and***
                                            ***Western Kentucky Energy Corp.***
                                            (signing with permission on behalf of all
                                            Moving Defendants)

-18-

s/ J. Stephen Kennedy, with permission
J. Stephen Kennedy, MS Bar # 100040
Baker, Donelson, Bearman, Caldwell &
Berkowitz, PC
Mailing:  Post Office Box 14167
Jackson, Mississippi 39236-4167
Physical: 4268 I-55 North, Meadowbrook
Office Park
Jackson, Mississippi 39211-6391
Telephone:  (601) 351-2400
Fax:  (601) 351-2424
skennedy@bakerdonelson.com


Joseph K. Reid, III (admitted pro hac vice)
Steven R. Williams (admitted pro hac vice)
R. Trent Taylor (admitted pro hac vice)
McGuireWoods LLP
One James Center
901 East Cary Street
Richmond, Virginia 23219-4030
Telephone:  (804) 775-1000
Fax:  (804) 775-1061
jreid@mcguirewoods.com
srwilliams@mcguirewoods.com
rtaylor@mcguirewoods.com


**Counsel for Virginia Electric and Power
Co. and Dominion Energy, Inc.**


s/ Thomas L. Carpenter, with permission
Thomas L. Carpenter, Jr., MS Bar # 9808
Carr Allison
14231 Seaway Road
Building 2000, Suite 2001
Gulfport, MS 39503
Telephone: (228) 864-1060
Fax: (228) 864-9160
tcarpenter@carrallison.com


Rick Richmond (to be admitted pro hac vice)
Kenneth K. Lee (to be admitted pro hac vice)
Kelly M. Morrison (to be admitted pro hac
vice)
Jenner & Block LLP

s/ Ben H. Stone, with permission
Ben H. Stone, MS Bar # 7934
Jonathan P. Dyal, MS Bar # 99146
Michael Freeman (admitted pro hac vice)
Ed Haden (admitted pro hac vice)
Balch & Bingham LLP
1310 Twenty Fifth Avenue
Gulfport, MS 39501
Telephone:  (228) 684-9900
Fax:  (228) 864-8221
jdyal@balch.com
bstone@balch.com
mfreeman@balch.com
ehaden@balch.com


**Counsel for AEP Generating Co., Columbus
Southern Power Co., Ohio Power Co.,
Southwestern Electric Power Co., AEP Texas
Central Co., AEP Texas North Co.,
Appalachian Power Co., Indiana Michigan
Power Co., Kentucky Power Co., Public
Service Co. of Oklahoma, Carolina Power &
Light Co., Florida Power Corp., NextEra
Energy, Inc., and Florida Power & Light Co.**


s/ Sherrie L. Moore, with permission
Sherrie L. Moore, MS Bar # 10723
Webb Sanders & Williams
1213 31st Avenue
Gulfport, Mississippi  39502
Telephone:  (662) 844-2137
Fax:  (662) 842-3863
smoore@webbsanders.com


James P. Gaughan (admitted pro hac vice)
Schiff Hardin LLP
233 S. Wacker Drive, Suite 6600
Chicago, Illinois 60606
Telephone:  (312) 258-5616
Fax:  (312) 258-5600

633 West 5th Street, Suite 3500
Los Angeles, CA 90071
Telephone:  (213) 239-5100
Fax:  (213) 239-5199
rrichmond@jenner.com
klee@jenner.com
kmorrison@jenner.com

***Counsel for the AES Corporation***

jgaughan@schiffhardin.com

***Counsel for Ameren Energy Generating Company, Union Electric Company, and Ameren Illinois Company (incorrectly sued as Illinois Power Company and Central Illinois Light Company)***

## CERTIFICATE OF SERVICE

I hereby certify that on this 14th day of October, 2011, I electronically filed the foregoing with the Clerk of the Court via the Court's CM/ECF system, which caused a true and correct copy to be electronically served on all counsel of record.

Dated: October 14, 2011

/s/ Ben H. Stone

Ben H. Stone, MS # 7934