IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**NED COMER, et al.**                                                                                     **PLAINTIFFS**

**v.**                                                                                          **Civil No.: 1:11-CV-220-LG-RHW**

**MURPHY OIL USA, INC., et al.**                                                        **DEFENDANTS**

### JOINDER OF BURLINGTON RESOURCES IN MOTION TO DISMISS
### FOR LACK OF PERSONAL JURISDICTION PURSUANT TO RULE 12(B)(2)

Burlington Resources Offshore Inc. ("Burlington Resources") respectfully submits this Joinder to Non-Resident Defendants' Motion to Dismiss for Lack of Personal Jurisdiction Pursuant to Federal Rule of Civil Procedure 12(b)(2) [Doc. #223 & 228] ("Motion to Dismiss").

1.

As set forth in Non-Resident Defendants' Motion to Dismiss, Plaintiffs' Amended Complaint ("Complaint") fails to allege facts sufficient to establish a prima facie case of either general or specific jurisdiction.  Like the Non-Resident Defendants, Burlington Resources has no connections to the State of Mississippi sufficient to confer personal jurisdiction.  The only distinction is that Burlington Resources previously registered in Mississippi and appointed an agent for service of process.  As set forth in the attached Affidavit of James H. Vaiana, however, Burlington has no other connections with the State of Mississippi.  (Ex. 1 hereto.)

2.

"[A]ppointment of an agent for process and the registration to do business within the state, without more," does not support the exercise of personal jurisdiction.  *Siemer v. Learjet Acquisition Corp.*, 966 F.2d 179, 181 (5th Cir. 1992); *see also Fielding v. Hubert Burda Media,*

*Inc.*, 415 F.3d 419, 429 (5th Cir. 2005) ("the registration of an agent for receipt of service of process does not establish general jurisdiction").  Accordingly, without any other contacts with the State of Mississippi, personal jurisdiction does not exist over Burlington Resources.

3.

Burlington Resources incorporates herein the aforesaid motion and supporting brief of the other Non-Resident Defendants.

For the foregoing reasons, Burlington Resources should be dismissed from this action for lack of personal jurisdiction.

Dated:  October 14, 2011

Respectfully submitted,

s/ Benjamin M. Watson
Kenneth W. Barton, MS Bar #2093
Benjamin M. Watson, MS Bar #100078
1020 Highland Colony Parkway, Suite 1400
Ridgeland, MS 39157

***Counsel for Burlington Resources Offshore Inc.***

OF COUNSEL:

Butler, Snow. O'Mara, Stevens & Cannada, PLLC
Post Office Box 6010
Ridgeland, Mississippi  39158-6010
Telephone:  (601) 948-5711
Fax:  (601) 985-4500
ken.barton@butlersnow.com
ben.watson@butlersnow.com

## **CERTIFICATE OF SERVICE**

      I, Benjamin M. Watson, counsel for Burlington Resources Offshore Inc., hereby certify that on October 14, 2011, I electronically filed the foregoing with the Clerk of the Court using the ECF system, which sent notification of such filing to all registered attorneys.

s/ Benjamin M. Watson  
Benjamin M. Watson

Jackson 7062370v1